MARK R. S. FOSTER (SBN 223682)
mark.foster@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

ALEXANDER C. DRYLEWSKI (*admitted pro hac vice*)
alex.drylewski@skadden.com
LARA A. FLATH (*admitted pro hac vice*)
lara.flath@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Attorneys for Defendants*
COINBASE GLOBAL, INC., COINBASE, INC., and
BRIAN ARMSTRONG

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERARDO ACEVES, THOMAS FAN, EDWIN MARTINEZ, TIFFANY SMOOT, EDOUARD CORDI, and BRETT MAGGARD, Individually, and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>COINBASE GLOBAL, INC., COINBASE, INC., and BRIAN ARMSTRONG,<br><br>Defendants. | Case No. 3:24-cv-02663-MMC<br><br>(Consolidated with Case No. 3:24-cv-03350)<br><br>**MOTION TO TRANSFER ACTION TO THE SOUTHERN DISTRICT OF NEW YORK OR TO STAY ACTION**<br><br>Judge: Hon. Maxine M. Chesney<br>Room: Courtroom 7–19th Floor<br><br>Date: December 6, 2024<br>Time: 9:00 A.M. |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ...................................................................................1

ISSUES TO BE DECIDED ......................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................................1

    I.    PRELIMINARY STATEMENT .......................................................................1

    II.    FACTUAL BACKGROUND ............................................................................3

        A.    The SDNY Action Is Filed Asserting Claims Under the Florida and California State Securities Statutes Against Defendants Coinbase Global, Coinbase, Inc., and Armstrong ........................................................3

        B.    This Action Is Filed Asserting the Same Claims Against the Same Defendants Relating to Many of the Same Digital Assets ..........................4

    III.    ARGUMENT ....................................................................................................5

        A.    The Court Should Transfer This Action Pursuant to the First-to-File Rule ...........................................................................................................5

        B.    In The Alternative, This Action Should Be Stayed ...................................8

CONCLUSION ........................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*In re AOL Time Warner, Inc. Securities and ERISA Litig.*,
　　02 Civ.8853 (SWK), 2003 WL 22227945 (S.D.N.Y. Sep. 26, 2003) ................................... 9

*Barney v. Zimmer Biomet Holdings, Inc.*,
　　No. 3:17-CV-616-JD-MGG, 2018 WL 11407332 (N.D. Ind. Aug. 21, 2018) ...................... 9

*Cadenasso v. Metropolitan Life Insurance Co.*,
　　No. 13-cv-05491-JST, 2014 WL 1510853 (N.D. Cal. Apr. 15, 2014) .................................. 6

*Caveman Foods, LLC v. Cave Man Kitchens, Inc.*,
　　No. 18-cv-05289-CRB, 2018 WL 11632340 (N.D. Cal. Nov. 5, 2018) ............................... 8

*Garcia v. Praxair, Inc.*,
　　No. 3:18-cv-03887-WH, 2018 WL 4471151 (N.D. Cal. Sept. 18, 2018) ......................... 5, 6

*Granillo v. FCA U.S. LLC*,
　　No. EDCV 15-02017-VAP (DTB), 2016 WL 8814351 (C.D. Cal. Jan. 11, 2016) ............... 6

*Hoyt v. Amazon.com, Inc.*,
　　No.19-cv-00218-JSC, 2019 WL 1411222 (N.D. Cal. Mar. 28, 2019) ........................ 2, 5, 8

*Jia v. Weee! Inc.*,
　　No. 23-cv-02314-DMR, 2024 WL 218121 (N.D. Cal. Jan. 19, 2024) ............................. 6, 7

*Kohn Law Group, Inc. v. Auto Parks Manufacturing Mississippi, Inc.*,
　　787 F.3d 1237 (9th Cir. 2015) ....................................................................................... 2, 5, 8

*Lockyer v. Mirant Corp.*,
　　398 F.3d 1098 (9th Cir. 2005) .............................................................................................. 8

*Moyer v. Cellura*,
　　No. 23-cv-03004-SVK, 2023 WL 6959277 (N.D. Cal. Oct. 19, 2023) ................................ 8

*Pacesetter Systems, Inc. v. Medtronic, Inc.*,
　　678 F.2d 93 (9th Cir. 1982) .................................................................................................. 5

*Schwartz v. Frito-Lay North America*,
　　No. C-12-02740(EDL), 2012 WL 8147135 (N.D. Cal. Sep. 12, 2012) ................................ 7

*Soward v. The & Trust*,
　　No. C-07-3894 MMC, 2007 WL 2947425 (N.D. Cal. Oct. 9, 2007) ................................ 2, 5

*Underwood v. Coinbase Global, Inc.*,
　　654 F.Supp.3d 224 (S.D.N.Y. 2023), *aff'd in part sub nom. Oberlander v. Coinbase Global, Inc.*, No. 23-184-cv, 2024 WL 11478773 (2d Cir. Apr. 5, 2024) .......................................... 3

*Vance v. Google LLC*,
　　No. 5:20-CV-04696-BLF, 2021 WL 534363 (N.D. Cal. Feb. 12, 2021) .............................. 9

**Statutes**

California Corporate Securities Law §§ 25110, 25210, and 25503 ...................................................... 2

Florida Securities and Investor Protection Act § 517.07 ................................................................. 2

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on December 6, 2024, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Maxine M. Chesney, United States District Judge, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, Courtroom 7, 19th Floor, the undersigned Defendants, Coinbase Global, Inc., Coinbase Inc., and Brian Armstrong (collectively, "Defendants"), will and hereby do move the Court to transfer the above-captioned action (the "Action") to the United States District Court for the Southern District of New York or, in the alternative, to stay the Action pending the resolution of *Underwood v. Coinbase Global, Inc.*, No. 1:21-cv-08353 (S.D.N.Y. 2021) (the "SDNY Action").

This motion is made pursuant to the first-to-file rule and the Court's inherent power to control its docket. It is based on this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration of Mark R. S. Foster and attached exhibits, the pleadings and papers on file in this Action, the arguments of counsel, and any such other matters as the Court may consider.

**ISSUES TO BE DECIDED**

Whether this Action should be transferred to the United States District Court for the Southern District of New York pursuant to the first-to-file rule, or, in the alternative, whether this Action should be stayed pending the resolution of the SDNY Action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  PRELIMINARY STATEMENT**

This putative class action largely mirrors another putative class action previously filed in the Southern District of New York, which has been actively litigated in that court for over two and a half years. The two actions assert the same claims, name the same defendants, and advance the same theories of liability relating to nearly forty of the same digital assets. Thus, allowing them to proceed separately in two different courts would lead to duplicative litigation, waste party and court resources, undermine judicial economy, and create a serious risk of inconsistent judgments. As such, the Court should transfer this Action to the Southern District of New York pursuant to the first-to-file rule, which courts routinely employ in situations like these to "maximize 'economy, consistency,

and comity.'"  *Kohn Law Grp., Inc. v. Auto Parks Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).[1]

The first-to-file rule provides the Court with "discretion to 'transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court' and both actions involve the same parties." *Soward v. The & Trust*, No. C-07-3894 MMC, 2007 WL 2947425, at *3 (N.D. Cal. Oct. 9, 2007) (Chesney, J.).  The rule "'should not be disregarded lightly,'" and requires analysis of three factors: "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Hoyt v. Amazon.com, Inc.*, No. 19-cv-00218-JSC, 2019 WL 1411222, at *3 (N.D. Cal. Mar. 28, 2019).  All three factors strongly favor transfer here.

Plaintiffs' case is premised upon allegations that the Coinbase, Inc. trading platform allows users to transact in digital assets that Plaintiffs allege are unregistered "securities."  Plaintiffs seek to represent a nationwide class of individuals who transacted on the Coinbase, Inc. trading platform and were allegedly damaged by Defendants' supposed violations of California and Florida state laws, including California Corporate Securities Law §§ 25110, 25210, and 25503 and the Florida Securities and Investor Protection Act § 517.07 (the "California and Florida Securities Statutes").  Over thirty months ago, however, another set of plaintiffs initiated the SDNY Action, asserting these same claims against the same Defendants and seeking to represent a nationwide class of users that includes Plaintiffs and many of the same class members Plaintiffs seek to represent here.

Given the significant overlap between this action and the first-filed SDNY Action, transfer will avoid wasteful and duplicative litigation, as well as the potential for conflicting rulings.  In the alternative, and for the same reasons, the Court should stay the proceedings in this action in favor of the SDNY Action.  At the very least, this action should be stayed until the court in the SDNY Action has had an opportunity to rule on Defendants' pending motion for judgment on the pleadings, which, if successful, would dispose of these very claims under the California and Florida Securities Statutes.

---

[1] All emphasis is added and citations are omitted unless otherwise noted.

## II. FACTUAL BACKGROUND

### A. The SDNY Action Is Filed Asserting Claims Under the Florida and California State Securities Statutes Against Defendants Coinbase Global, Coinbase, Inc., and Armstrong

On October 8, 2021, plaintiffs Christopher Underwood, Louis Oberlander, and Zeneyda Patin filed a class action complaint in the Southern District of New York against Defendant Coinbase Global, Inc., *Underwood v. Coinbase*, No. 1:21-cv-08353 (S.D.N.Y. 2021), asserting claims under the California and Florida Securities Statutes as well as claims under the Securities Exchange Act of 1934 stemming from the core allegation that a number of digital assets available for trading on the Coinbase, Inc. platform are unregistered securities. Following the appointment of Underwood and Oberlander (who are Florida and California residents, respectively) as lead plaintiffs, on March 11, 2022, they filed an amended complaint, continuing to assert the same core theory and the same claims under the California and Florida Securities Statutes and adding Defendants Coinbase, Inc. and Armstrong. The SDNY plaintiffs seek to represent a nationwide class consisting of all persons and entities that transacted on the Coinbase, Inc. trading platforms between October 8, 2019 through March 11, 2022, as well as California and Florida subclasses. (*See* Ex. A ¶¶ 1, 931-1160.)[2] Their claims relate to 79 digital assets that they allege are purportedly unregistered securities, including: 1INCH, AAVE, ACH, ADA, ALGO, AMP, ANKR, ARPA, ATOM, AUCTION, AXS, BAL, BAND, BAT, BNT, BOND, BTRST, CGLD, CLV, COMP, CRO, CRV, CTSI, CVC, DNT, DOGE, DOT, ENJ, EOS, FARM, FET, FIL, FORTH, GNT, GRT, GTC, ICP, IOTX, KEEP, KNC, LINK, LOOM, LRC, MANA, MATIC, MKR, MLN, NKN, NMR, NU, OGN, OMG, ORN, OXT, PLA, POLY, QNT, QUICK, RARI, REN, REP, RLC, SHIB, SKL, SNX, SOL, STORJ, SUSHI, TRB, TRIBE, UMA, UNI, XLM, XRP, XTZ, XYO, YFI, and ZRX. (*Id.* ¶ 1 n.1.)

On July 29, 2024, Defendants in the SDNY Action moved for judgment on the pleadings

---

[2] The Exchange Act claims have been dismissed in full. *Underwood v. Coinbase Global, Inc.*, 654 F.Supp.3d 224, 244 (S.D.N.Y. 2023), *aff'd in part sub nom. Oberlander v. Coinbase Global, Inc.*, No. 23-184-cv, 2024 WL 11478773 (2d Cir. Apr. 5, 2024). Plaintiffs continue to allege a claim under the Securities Act of 1933 alleging that defendants are statutory sellers of the digital assets at issue as well as under the corresponding New Jersey statute, both of which involve substantially similar legal and factual issues as the California and Florida Securities Statutes.

under Federal Rule of Civil Procedure 12(c).  (Ex. B.)  The motion seeks dismissal of the SDNY Action in its entirety, including the claims under the California and Florida Securities Statutes.  (*Id.*)  The motion will be fully briefed on October 28, 2024.

### B. This Action Is Filed Asserting the Same Claims Against the Same Defendants Relating to Many of the Same Digital Assets

Over two and a half years after the SDNY Action was filed, on May 3, 2024, Plaintiffs Gerardo Aceves, Thomas Fan, Edwin Martinez, Tiffany Smoot, Edouard Cordi, and Brett Maggard initiated this Action alleging that Defendants Coinbase Global, Coinbase, Inc., and Armstrong are liable under California and Florida law because eight digital assets available for trading on the Coinbase, Inc. trading platform are allegedly unregistered securities.  (*Aceves* ECF No. 1.)  A month later, Plaintiffs Mollijoy Carter, Bradley Barnes, and Antonett Foy filed a nearly identical complaint, *Carter v. Coinbase Global, Inc. et al.*, No. 3:24-cv-03350-MMC (N.D. Cal. 2024), alleging the same claims against the same Defendants.  (*Aceves* ECF No. 1 ¶ 91; *Carter* ECF No. 1 ¶ 89.)  This Court consolidated the actions on August 15, 2024.  (*Aceves* ECF No. 25.)

On September 16, 2024, Plaintiffs filed a Consolidated Class Action Complaint ("CAC") that continues to assert claims under the California and Florida Securities Statutes against Coinbase Global, Coinbase, Inc., and Armstrong.[3]  While Plaintiffs continue to assert these claims on behalf of a nationwide class of all persons and entities that transacted on the Coinbase, Inc. trading platform between January 1, 2017 through May 3, 2024, they now allege that approximately 80 digital assets are purportedly unregistered securities.  (CAC ¶¶ 1, 86, 108.)  Of these 80 digital assets, 46 are at issue in the SDNY Action, including: 1INCH, AAVE, ACH, ADA, ALGO, AMP, ANKR, AUCTION, BAL, BAT, BOND, CGLD, CLV, COMP, CRO, CTSI, DOGE, DOT, ENJ, EOS, FET, FORTH, GRT, KEEP, LINK, LRC, MANA, MATIC, MLN, NKN, NMR, NU, OGN, OMG, RARI, SHIB, SKL, SOL, SUSHI, UMA, UNI, XLM, XRP, XTZ, YFI, and ZRX.  (CAC ¶¶ 1, 86, 108; Ex. A ¶¶ 1 n. 1.)  And of those 46 overlapping digital assets, 38 are the subject of the same cause of

---

[3] The CAC dropped all claims against Coinbase Asset Management, LLC as a defendant (*see* CAC ¶¶ 15-17).  The CAC also alleges additional causes of action under California and Florida state law.

action brought pursuant to the California and Florida Securities Statutes in the SDNY Action.  (*Id.*)[4]

## III.  ARGUMENT

### A.  The Court Should Transfer This Action Pursuant to the First-to-File Rule

This Action should be transferred to the Southern District of New York pursuant to the first-to-file rule.  The first-to-file rule—which is grounded in principles of federal comity and judicial economy—is a bedrock principle in this Circuit.  It provides district courts with "discretion to 'transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court' and both actions involve the same parties." *Soward*, 2007 WL 2947425, at *3 (Chesney, J.); *see also, e.g., Garcia v. Praxair, Inc.*, No. 3:18-cv-03887-WH, 2018 WL 4471151, at *5 (N.D. Cal. Sept. 18, 2018) (transferring under the first-to-file rule where action "was filed two and a half months earlier and involves substantially similar parties, factual questions, and legal issues to this case"). Courts routinely follow it where there are two substantially similar lawsuits because "the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982).  In assessing whether to transfer an action, "a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn Law Grp.*, 787 F.3d at 1240. "The court's analysis 'should be driven to maximize economy, consistency, and comity,' and the first-to-file rule 'should not be disregarded lightly.'" *Hoyt*, 2019 WL 1411222, at *3 (citing *Kohn Law Grp.*, 787 F.3d at 1239).  Here, all three factors support transfer of this Action to the Southern District of New York to be consolidated or coordinated with the SDNY Action.

*First*, the chronology of the lawsuits weighs in favor of transfer because the SDNY Action was filed two years and eight months prior to this Action.  Courts have found this factor satisfied when the second action was filed much closer in time. *See, e.g.*, *Garcia*, 2018 WL 4471151, at *5 (first factor satisfied where second action was filed two and a half *months* after the first action).

*Second*, the parties substantially overlap.  "As long as 'some [of] the parties in one matter are

---

[4]  A chart outlining the overlap in digital assets at issue in this Action and the SDNY Action is attached as Exhibit C.

also in the other matter,' the rule can be applied even if 'there are additional unmatched parties in one or both matters.'" *Id*. at *5, *6 (finding substantial overlap between parties where the first-filed action defined its class as "non-exempt truck drivers" and the second-filed action defined her class as "hourly-paid, non-exempt employees"). Here, both sets of plaintiffs name the exact same Defendants: Coinbase Global, Coinbase, Inc., and Armstrong. (*Compare* CAC ¶¶ 15-17, *with* Ex. A ¶¶ 10-12); *see Cadenasso v. Metro. Life Ins. Co.*, No. 13-cv-05491-JST, 2014 WL 1510853, at *10 (N.D. Cal. Apr. 15, 2014) (holding that the first-to-file rule applies where actions were brought against the same defendants but the plaintiff classes were mutually exclusive); *see also Granillo v. FCA U.S. LLC*, No. EDCV 15-02017-VAP (DTB), 2016 WL 8814351, at *4 (C.D. Cal. Jan. 11, 2016) (same).

Not only do Defendants overlap completely, but substantial overlap also exists on plaintiffs' side. Both sets of plaintiffs claim to represent nationwide classes that include persons and entities who transacted in 46 of the same digital assets during an overlapping period of time. (Ex. C; *compare* SDNY Action purported class action period of October 8, 2019 through March 11, 2022 with Action purported class period of January 1, 2017 through May 3, 2024.) Thus, both actions seek to represent overlapping class members. *Garcia*, 2018 WL 4471151, at *6 ("If there is overlap between the members of each class, then this factor is satisfied."); *see also Jia v. Weee! Inc.*, No. 23-cv-02314-DMR, 2024 WL 218121, at *3 (N.D. Cal. Jan. 19, 2024) (applying first-to-file rule where plaintiff classes overlapped despite plaintiffs' argument that the later-filed case pled additional conduct and class members).

*Third*, the claims and legal issues substantially overlap. "[C]ourts examine whether 'the core theory for both cases is the same.'" *Id*. In other words, the "parties and issues in each action 'need not be identical, only substantially similar.'" *Hoyt*, 2019 WL 1411222, at *3; *accord Jia*, 2024 WL 218121, at *2. Here, both actions assert causes of action under the exact same provisions of the California and Florida Securities Statutes premised on the same core allegation that digital assets available for trading on the Coinbase, Inc. trading platform are "securities." (*Supra* Part II.B.) And of the 80 digital assets alleged to be "securities" in this Action, 46 are subject to the same allegations

in the SDNY Action, and 38 are subject to the same cause of action.  (*Supra* Part II.B; *compare* CAC ¶¶ 1, 86, 108, *with* Ex. A ¶ 1 n.1.)  Both actions also seek resolution of a number of the same legal questions, several of which these Plaintiffs concede "predominate over questions affecting individual Class members."  (CAC ¶ 111.)  At a minimum, these questions include:

(1) Whether the digital assets are "securities" under existing law (*compare* CAC ¶ 111 ("whether Defendant Coinbase offered digital assets for sale that constitute securities") *with* Ex. A ¶ 924 ("whether Coinbase offered digital assets for sale that constitute securities"));

(2) Whether Defendants are "sellers" of the digital assets (*compare* CAC ¶ 111 ("whether Defendant Coinbase offered the Digital Asset Securities (cryptocurrency) for sale") with Ex. A ¶ 924 ("whether Coinbase offered certain digital assets for sale")); and

(3) Whether Defendants acted as a "broker-dealer" (*compare* CAC ¶ 111 ("whether Defendant Coinbase operated as a broker-dealer") *with* Ex. A ¶ 924 ("whether Coinbase operated as a broker-dealer")).

Although Plaintiffs assert additional claims under Florida and California state law and allege that additional digital assets are unregistered "securities," these differences do not alter the above conclusion that the issues substantially overlap.  This Court and others have held that the first-to-file rule applies "even if the later-filed action brings additional claims."  *Schwartz v. Frito-Lay North America*, No. C-12-02740 (EDL), 2012 WL 8147135, at *3 (N.D. Cal. Sep. 12, 2012) (granting transfer where later-filed action asserted additional claims such as negligent misrepresentation and fraudulent concealment); *see also Hoyt*, 2019 WL 1411222 at *3, *6 (rejecting arguments that the issues were not sufficiently similar under the first-to-file rule because the claims in both actions were premised on the same fundamental theory that the defendant improperly classified drivers as independent contractors rather than employees even though the later-filed action alleged additional violations of the California Labor Code).

*Finally*, transfer would serve the principles underlying the first-to-file rule—namely, "it will minimize the risk of inconsistent judgments[,] conserve judicial resources and allow discovery to be managed by a single court."  *Jia*, 2024 WL 218121 at *3.  If both actions were allowed to proceed

at the same time in different venues, the parties face an acute risk of inconsistent judgments or rulings. What is more, this Court would be forced to expend its judicial resources presiding over duplicative claims that are currently progressing in another district. Indeed, as in *Hoyt*, "[a]bsent a transfer, the similarities between [these actions would] require this Court and the parties to this action to engage in the same efforts as [the court in the SDNY Action] and the parties to that action (the same parties present here)." 2019 WL 1411222, at *8.

### B.     In The Alternative, This Action Should Be Stayed

Even if the Court declines to order transfer, the Court should nevertheless stay this Action in favor of the SDNY Action. Under the first-to-file rule, a district court may "stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court." *Kohn Law Grp.*, 787 F.3d at 1239. These proceedings should be stayed pending resolution of the SDNY Action, or, at the very least, until the court in the SDNY Action decides Defendants' pending motion for judgment on the pleadings, which will be fully briefed in a matter of weeks and may dispose of Plaintiffs' claims under the California and Florida Securities Statutes as to 38 digital assets. *See, e.g.*, *Moyer v. Cellura*, No. 23-cv-03004-SVK, 2023 WL 6959277, at *5 (N.D. Cal. Oct. 19, 2023) (staying proceedings pending resolution of motion to dismiss in substantially similar matter).

Even setting aside the first-to-file rule, the Court independently has "broad discretion to stay proceedings as an incident to its power to control its dockets.'" *Caveman Foods, LLC v. Cave Man Kitchens, Inc.*, No. 18-cv-05289-CRB, 2018 WL 11632340, at *1 (N.D.Cal. Nov. 5, 2018). In deciding whether to stay proceedings, a district court will weigh various factors, including (i) the possible damage which may result from granting a stay, (ii) the hardship a party may suffer if the case is allowed to go forward, and (iii) the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005)). Here, each relevant factor favors a stay.

*First*, staying this Action while the SDNY Action proceeds will not result in any prejudice to

any party. To the contrary, Plaintiffs' claims relating to 38 digital assets may be resolved through the ongoing litigation in the SDNY Action, including the pending motion for judgment on the pleadings. (*Supra* Part II.A.)

*Second*, requiring this Action to proceed in parallel with the SDNY Action would impose significant hardship on Defendants by requiring simultaneous litigation of the same issues in two separate courts. Such a result would create the risk of inconsistent rulings on the very same issues. *See Vance v. Google LLC*, No. 5:20-CV-04696-BLF, 2021 WL 534363, at *5 (N.D. Cal. Feb. 12, 2021) ("Where a denial of stay would cause both parties to incur significant expenses on litigation that may be rendered moot [by inconsistent rulings], 'the potential hardship from denying the stay weighs slightly in favor of granting it.'").

Moreover, allowing this Action to proceed runs the risk of Plaintiffs attempting to skirt the mandatory Private Securities Litigation Reform Act ("PSLRA") discovery stay currently in place in the SDNY Action. If the Court were to permit discovery to proceed in this Action, the overlapping class of plaintiffs here would have access to discovery that is currently prohibited in the SDNY Action—imposing serious prejudice on Defendants and circumventing Congress's intent in passing the PSLRA. *See Barney v. Zimmer Biomet Holdings, Inc.*, No. 3:17-CV-616-JD-MGG, 2018 WL 11407332, at *4 (N.D. Ind. Aug. 21, 2018) (staying all proceedings while a PSLRA discovery stay remained in effect in parallel securities lawsuit and noting that "Defendant's risk of prejudice from continuing discovery in this case while the PSLRA stay remains in place in the '815 Case exceeds the prejudice Plaintiff may face"); *see also In re AOL Time Warner, Inc. Securities and ERISA Litig.*, No. 02 Civ. 8853 (SWK), 2003 WL 22227945, at *2 (S.D.N.Y. Sep. 26, 2003) ("If plaintiffs in a securities case could, by tacking ERISA claims onto underlying Securities actions, obtain discovery to which they would otherwise not be entitled under the PSLRA, then the PSLRA's mandatory stay provision would, as a practical matter, never apply.").

*Finally*, staying this action will promote the "orderly course of justice." Again, the ongoing litigation in the SDNY Action, including, but not limited to, Defendants' pending motion for judgment on the pleadings, may resolve a significant portion of Plaintiffs' claims under the California

and Florida Securities Statutes relating to nearly half of the digital assets at issue.  (*Supra* Part II.A.)

**CONCLUSION**

For these reasons, the Court should transfer this Action to the Southern District of New York. In the alternative, the Court should stay this Action in favor of the SDNY Action.

DATED: October 16, 2024          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____*/s/ Mark R. S. Foster*_____
Mark R. S. Foster
Attorneys for Defendants